```
                  UNITED STATES DISTRICT COURT
                 SOUTHERN DISTRICT OF MISSISSIPPI
                         NORTHERN DIVISION
```

DR. PAMELA M. FELDER                                          PLAINTIFF

VS.                                   CIVIL ACTION NO. 3:13CV392TSL-JCG

DR. LONNIE EDWARDS, IN HIS INDIVIDUAL                        DEFENDANTS
CAPACITY, DR. JAYNE SARGENT, IN HER
INDIVIDUAL CAPACITY, AND THE JACKSON PUBLIC
SCHOOL DISTRICT

                               ORDER

    This cause is before the court on the motion of plaintiff Pamela M. Felder for the entry of default judgment pursuant to Rule 55 of the Federal Rules of Civil Procedure. For the reasons which follow, the court concludes that the motion is not well taken and should be denied.

    Plaintiff served defendant Lonnie Edwards on August 30, 2013. On August 13, 2015, asserting that no answer or other responsive pleading having been filed on his behalf[1], plaintiff filed her current motion seeking both the clerk's entry of default and default judgment against Edwards pursuant to Rule 55(a) and (b). See Fed. R. Civ. P. 55(a) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the

---

[1] As the court noted in its December 5, 2013 opinion, while the attorneys for JPS originally purported to file an answer on Edwards' behalf, in their motion to dismiss filed a week later, they disavowed any representation of him.

clerk must enter the party's default."); Fed. R. Civ. P. 55(b)(2)(setting forth, <u>inter</u> <u>alia</u>, circumstances under which court enter default judgment and determine damages).

The Fifth Circuit has held that "'[a] default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true.'" <u>Wooten v. McDonald Transit Assocs., Inc.</u>, 788 F.3d 490, 496 (5th Cir. 2015) (<u>Nishimatsu Constr. Co. v. Houston Nat'l Bank</u>, 515 F.2d 1200, 1206 (5th Cir. 1975)). Put another way, "'[t]he defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.'" <u>Id.</u> (quoting <u>Nishimatsu</u>, 515 F.2d at 1206).

By the amended complaint, two claims have been asserted against Edwards: gender discrimination and breach of contract. It is clear, however, that no claim is stated for breach of contract for the same reason the court previously held that defendant Sargent could not be liable for breach of contract: he was not a party to Dr. Felder's employment contract. See <u>Felder v. Edwards</u>, Civil Action No. 3:13CV392TSL-JCG, 2013WL6383216, *8 (S.D. Miss. Dec. 5, 2015)(concluding that "as Sargent was not a party to plaintiff's contract with JPS, she cannot be liable for its breach" and citing <u>Yarbrough v. Camphor</u>, 645 So.2d 867, 870 (1994) (while superintendent has authority and responsibility with respect to employment of personnel, "the ultimate power to

2

terminate an employee lies with the school board."). Accordingly, default judgment will be denied as to this claim.

Regarding the putative claim for gender discrimination, the allegations against Edwards are as follows: he required her to perform many of the duties that were in his job description, and yet she was not paid for performing these duties; while she was required to complete her work, Dr. Wilbur Walters was not required to complete tasks of any substance; and after she declined to testify at his non-renewal hearing, he retaliated against her by requiring her to submit her time sheets directly to him. It is clear that none of this qualifies as an adverse employment action, which is essential to an actionable gender discrimination claim. See Breaux v. City of Garland, 205 F.3d 150, 157 (5th Cir. 2000) ("Adverse employment actions are discharges, demotions, refusals to hire, refusals to promote, and reprimands.") (internal quotation marks omitted) (emphasis added). Default judgment is thus not appropriate as to this claim.

Inasmuch as the amended complaint fails to state a claim against Edwards and the proof presented at trial did not suggest another factual basis for finding that Edwards had taken an adverse employment action against plaintiff, it follows that he is entitled to dismissal pursuant to Rule 12(b)(6). See Hale v. King, 642 F.3d 492, 497 (5th Cir. 2011) ("[D]istrict courts should not dismiss pro se complaints pursuant to Rule 12(b)(6) without

3

first providing the plaintiff an opportunity to amend, unless it is obvious from the record that the plaintiff has pled his best case.").

Based on the foregoing, it is ordered that plaintiff's motion for default judgment is denied. It is further ordered that the complaint is dismissed against defendant Lonnie Edwards for failure to state a claim upon which relief may be granted.

SO ORDERED this 24th day of November, 2015.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE